IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEEROY WILLIAMS,** | : | No. 3:13cv2238 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| **MONICA RECKTENWALD,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Susan Schwab's report and recommendation (hereinafter "R&R"). (Doc. 9). The R&R proposes granting the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent filed an objection to the R&R (Doc. 10), and it is ripe for disposition.[1]

**Background**

Petitioner Leeroy Williams (hereinafter "petitioner") is a federal prisoner incarcerated at the Federal Correctional Institution, Allenwood. Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 (hereinafter "section 2241") on August 27, 2013. (Doc. 1). He alleges denial of due process regarding prison disciplinary proceedings.

On February 18, 2013, the prison randomly searched petitioner's cell for

---

[1] The court will construe defendant's suggestion of mootness (Doc. 10) as an objection to the R&R.

contraband.  (Doc. 2, Ex. A, Incident Report dated 2/18/13 at 1).  The random search yielded a tattoo gun, ink and sandpaper hidden behind a light.  (Id.)  Accordingly, the prison charged petitioner with tattooing in violation of prison regulations.  (Id.)

Petitioner attended a disciplinary hearing and admitted to owning the tattoo paraphernalia.  (Doc. 2, Ex. B, Disciplinary Hr'g Report dated 2/21/13 at 1).  Relying on the incident report and petitioner's statement, the hearing officer concluded that the greater weight of the evidence supported finding petitioner guilty of tattooing.  (Id. at 1-3).  As such, the prison sanctioned petitioner with thirty (30) days of disciplinary segregation, disallowance of twenty-seven (27) days of good time, forfeiture of sixty (60) days of nonvested good conduct time, loss of phone and visiting privileges for six (6) months and a $16.68 monetary fine.  (Id. at 2).

Petitioner appealed the hearing officer's decision to the Bureau of Prison's (hereinafter "BOP") Regional Director contending that the sanctions were excessive because he was not tattooing.[2]  On March 28, 2013, the Regional Director granted petitioner's appeal to the extent that the matter was

---

[2] Petitioner contends that he never engaged in tattoing. (Doc. 7, Ex. A, Aff. Leeroy Williams dated 9/30/13). Rather, petitioner took responsibility for the tattoo paraphernalia, which was left behind by his former cellmate. (Id. ¶¶ 2-3).

2

remanded for further review. (Doc. 2, Ex. 4, Reg'l Hr'g Report dated 3/28/13).

On remand, the hearing officer issued an amended disciplinary hearing report finding petitioner guilty of aiding in tattooing. (Doc. 2, Ex. 5, Am. Disciplinary Hr'g Report dated 4/12/13). The hearing officer, however, did not reduce the previously administered sanctions.

Based upon these facts, petitioner filed the instant section 2241 petition on August 27, 2013, alleging denial of due process with regard to prison disciplinary proceedings. On February 20, 2014, Magistrate Judge Schwab issued an R&R. The R&R recommends granting the petition because the evidence failed to support the charge of attempted tattooing. (R&R at 16-17, 21). Rather, the evidence established that petitioner was guilty of possessing contraband. (Id. at 18-19).

Subsequent to the issuance of the R&R, the respondent filed an objection (Doc. 10), which the parties briefed bringing this case to its present posture.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

3

The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Respondent objects to the recommendation that the court grant petitioner's request for habeas corpus relief. Specifically, respondent contends that subsequent to the issuance of the R&R, the hearing officer issued a second amended hearing report on February 27, 2014. (Doc. 10-1, Decl. of Joseph McCluskey ¶ 3). The second amended hearing report found petitioner guilty of possessing contraband and credited petitioner with fourteen (14) days of good conduct time and thirty (30) days of non-vested good conducted time. (Id.). As such, respondent argues that the instant petition should be dismissed as moot. After careful consideration, the court agrees with the respondent.

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies." "[F]ederal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). "It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not

merely at the time the complaint is filed.'" United States v. Juvenile Male, 131 S. Ct. 2860, 2864 (2011) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)).  "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'"  Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) (quoting Lewis, 494 U.S. at 477).  "A case becomes moot, and therefore, no longer a 'Case' or 'Controversy' for purposes of Article III, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"  Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726-27 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)).

Here, petitioner's due process claim is moot because the hearing officer issued a second amended hearing report.  This report found petitioner guilty of possessing contraband and credited petitioner with fourteen (14) days of good conduct time and thirty (30) days of non-vested good conducted time.  (McCluskey Decl. ¶ 3).  Petitioner does not dispute the charge and conviction within the second amended hearing report.  Rather, petitioner avers that his petition is not moot because the BOP failed to properly credit his sentence.[3]

---

[3] Petitioner contends that the length of his sentence increased as a direct result of this action.  Respondent argues that petitioner's sentence increased because petitioner has been cited and sanctioned on two additional incident reports since the filing of this action on August 27, 2013.

5

At this time, however, this is not the proper forum for petitioner to challenge the credit to his sentence.

The law provides that once the BOP has calculated a sentence, the appropriate action to challenge BOP's calculation is to file a petition for habeas corpus relief under section 2241. Soyka v. Alldredge, 481 F.2d 303, 304-05 (3d Cir. 1973). A section 2241 petition may not be filed, however, until the petitioner has exhausted his administrative remedies. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).

The BOP has a multi-tiered administrative remedy program. See 28 C.F.R. § 542.10. The first tier involves "informal resolution" between the inmate and institutional staff. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, the inmate may file a formal written Administrative Remedy Request. 28 C.F.R. § 542.14. If the inmate is not satisfied with the response to the formal written request, he may appeal to the BOP's regional director. 28 C.F.R. § 542.15(a). The final step in the administrative remedies is to appeal to the BOP's general counsel. Id. If the inmate remains unsatisfied, it may be proper to file a section 2241 habeas corpus petition.

In the instant case, petitioner fails to contend that he was denied due process regarding the second amended hearing report. Rather, petitioner's sole contention pertains to the manner in which the BOP credited his

sentence.  Therefore, petitioner must first avail himself of administrative remedies pertaining to the specific issue of how the BOP credited his sentence.  If petitioner remains unsatisfied after exhausting his administrative remedies, the proper course of action may be to file a section 2241 petition.  Accordingly, the court will dismiss the instant petition as moot.  An appropriate order follows.

**Conclusion**

For the reasons stated above, the court will sustain respondent's objection, not adopt the R&R and dismiss the underlying petition as moot.  An appropriate order follows.


**Date:   5/9/14**                            **s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**